UNITED STATES DISTRICT COURT
DISTRICT COURT OF MASSACHUSETTS

CRIMINAL ACTION NO. 10-10096-GAO-1

UNITED STATES OF AMERICA,

v.

HONG WEI, a/k/a "Ms. Chen,"
Defendant.

OPINION AND ORDER
November 9, 2012

O'TOOLE, D.J.

The defendant, Hong Wei ("Wei"), has moved to dismiss Counts Three, Four, and Five of the indictment on the ground that the Federal Government is collaterally estopped from prosecuting her on those Counts as the result of the outcome of a Massachusetts state prosecution of two anticipated witnesses against Wei in this case, NH and SO. Count Three charges Wei with coercing NH into prostitution in violation of 18 U.S.C. § 1591; Counts Four and Five charge Wei with forcing SO and NH respectively to perform labor or services by threat of harm or physical restraint in violation of 18 U.S.C. § 1589. NH and SO were each convicted of sexual conduct for a fee, in violation of M.G.L. c. 272 § 53A, and keeping a house of ill fame, in violation of M.G.L. c 272 § 23, in the Peabody District Court on September 26, 2005. The gist of Wei's argument is that the state court convictions imply that NH and SO acted with necessary criminal intent and not under duress or coercion from anyone, including Wei, so that the Government may not now try to prove the contrary in this case. The Government opposes the defendant's motion on the grounds that it did not actually litigate any issue in the state case and that it was not in

privity with Massachusetts for purposes of the state prosecution, so that the doctrine of collateral estoppel does not apply.

Though the concept of collateral estoppel finds its origins in civil litigation, it has been recognized in criminal cases as well. See Ashe v. Swenson, 397 U.S. 436, 443-45 (1970) ("[C]ollateral estoppel has been an established rule of federal criminal law at least since this Court's decision . . . in United States v. Oppenheimer, 242 U.S. 85 [(1916)]."). The concept is implicit in the Fifth Amendment's guarantee against double jeopardy. Id.

Here, it is clear that "jeopardy" did not attach to Wei when NH and SO were prosecuted in the state court. The fact that the state prosecution, to which neither Wei nor the United States was a party, resulted in the conviction of both NH and SO does not establish any fact against the United States or in favor of Wei in this case.

The federal doctrine of collateral estoppel precludes a party from relitigating an issue if: "(1) the party had a 'full and fair opportunity to litigate' the issue in an earlier action, and (2) the issue was *finally* decided in that action, and (3) the issue was decided against that party, and (4) determination of the issue was essential to the earlier judgment." Rivera Rodriguez v. First Bank Puerto Rico, 184 F. Supp. 2d 162, 167 (D.P.R. 2002) (alteration in original) (citation omitted).

Wei's claim fails to satisfy the requirement that the party against whom estoppel is sought – here, the United States – was either a party to the previous action or in privity with a party to the previous action. The United States was not an actual party to the previous prosecution of NH and SO. It also was not in privity with the state government in that prosecution:

> Under the concept of privity, a non-party to an action nonetheless may be bound by the issues decided there if it substantially controls, or is represented by, a party to the action . . . . The party estopped due to representation by a party to the action must have

2

> been "so closely related to the interest of the party to be fairly considered to have had his day in court." There must be a "substantial identity" of the parties such that the party to the action was the virtual representative of the party estopped.

Bonilla Romero, 836 F.2d at 42-44 (internal citations omitted). Participation in a joint criminal investigation that ultimately led to the state charges is, standing alone, not enough. Moreover, a communication between the Assistant United States Attorney and the Assistant District Attorney,[1] as pointed to by Wei, is noteworthy because it reveals that the federal government and the state government actually had differing interests in the prosecution of SO. Collateral estoppel requirements are not satisfied.

For the reasons set forth above, the defendant's Motion to Dismiss Counts Three through Five (dkt. no. 106) is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

---

[1] The United States disclosed the following in discovery in this case:

> In addition, I recently learned that SO appealed her prostitution case in Peabody. I was advised of this by SO's immigration attorney and contacted the Essex County District Attorney's Office to advise them that the witness was a witness in a federal case. I advised the ADA handling the case that I believed the witness was a victim of human trafficking and had been coerced into coming to Massachusetts and had not willingly maintained a house of prostitution as they had charged. The witness did not request that I make this call and it is unknown whether the witness even knows that such a call was placed.

3